UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JAMES JOSEPH NEARY, | |
| Plaintiff, | Civil Action No. 11-53-KKC |
| v. | |
| KENTUCKY DEPT. OF CORRECTIONS and WARDEN DON BOTTOM, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Defendant Warden Don Bottom has filed a motion for summary judgment. [R. 13] Plaintiff James Joseph Neary has responded to the motion [R. 16] and the defendant has filed a reply in further support of it. [R. 17] Because the record discloses that the plaintiff did not timely and properly exhaust his administrative remedies, the Court will grant the motion and dismiss this action with prejudice.

**I**

On or about February 10, 2010, while incarcerated at the Blackburn Correctional Center, Neary slipped on an icy sidewalk and fell, breaking his wrist. [R. 13-1 at 3] Neary asserts that warden Bottom had previously refused a recommendation from staff to spread salt on the sidewalk, rendering the area unsafe and causing his fall and injury. [R. 1 at 2]

On February 13, 2010, Neary competed and filed an inmate grievance form regarding his fall and the condition of the sidewalk. [R. 13-1 at 3] On February 23, 2010, the grievance committee responded that it was recommending that "special attention be given to 'high traveled' areas during ice/snow related weather conditions." Neary signed the response, and checked a box indicating that

"I am satisfied with the recommendation of the grievance committee." The alternative box, which indicates that "I wish to appeal this recommendation to the warden", was not checked. On March 13, 2010, Neary was transferred to the Kentucky State Reformatory. [R. 17-1 at 2] Pursuant to department policy, on March 18, 2010, the warden reviewed the recommendation and indicated that staff would continue to work to ensure the walkways remained clear. [R. 13-1 at 4] Neary filed this action on January 26, 2011. [R. 1]

## II

A party can challenge the viability of the another party's claim by filing a motion under Rule 56 which asserts that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). If she demonstrates that there is no genuine dispute as to any material fact and that she is entitled to a judgment as a matter of law, she is entitled to summary judgment. *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992).

The moving party does not need her own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remain for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts.").

The court reviews all of the evidence presented by the parties in a light most favorable to the

responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F.3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993).

Here, warden Bottom contends that Neary did not exhaust his administrative remedies before filing suit. Federal law requires a prisoner wishing to sue regarding the conditions of his confinement to first file a grievance with prison officials and to exhaust all avenues of appeal. 28 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The relevant grievance procedure is set forth at the Department of Corrections' Policies and Procedures ("CPP") 14.6. That policy requires the inmate to file a grievance regarding a specific incident within five days. CPP 14.6, Art. II, § J(1)(a)(2). If the inmate is not satisfied with the recommendation made by the grievance committee, he may appeal to the warden within three days. CPP 14.6, Art. II, § J(2)(j). If he is satisfied, the recommendation is forwarded to the warden for review. CPP 14.6, Art. II, § J(2)(k). If the inmate is not satisfied with the warden's decision, he may appeal to the Commissioner within three days. CPP 14.6, Art. II, § J(3)©). If the inmate is transferred out of the facility during the grievance process, he may appoint a representative to pursue any appeals. CPP 14.6, Art. II, § M(1).

In this case, Neary indicated that he was satisfied with the grievance committee's

recommendation, and did not appeal to the warden. [R. 13-1 at 4; R. 17 at 1] Even though Neary did not appeal, pursuant to CPP 14.6, Art. II, § J(2)(k) the warden reviewed the committee's recommendation. Assuming he had a right at that juncture to do so, Neary did not appeal the warden's decision to the Commissioner. [R. 13-1 at 1]

In his response, Neary states that "before he was transferred as a retaliation [] he left instruction for the institutional grievance aide to take control of the appeal to the Commissioner, and the grievance aide did not pursue the appeal ..." [R. 16 at 2] Bottom correctly counters that even had Neary told the inmate grievance aide to pursue an appeal, such direction was of no effect unless Neary had previously filed a formal notice of appointment of the aide as his proxy under CPP 14.6, Art. II, § M(1)(a), (b), something he did not do. [R. 17 at 2] Because Neary did not exhaust his administrative remedies, and cannot do so in a timely fashion now, his complaint must be dismissed with prejudice. *Woodford v. Ngo*, 548 U.S. 81, 86 (2006).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate Judgment.

Entered this 3rd day of August, 2011.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**